## 11773.  Bennett *v.* Mann.

Stephens, J.  1.  There arises no accord and satisfaction of a contract for the sale and purchase of personalty, where there is an offer by the seller to release the purchaser from the latter's obligation to accept and pay for the entire amount of the commodity sold in the original contract, upon the purchaser's accepting and paying for a less amount of the commodity, and where the purchaser accepts such offer but fails to make the payment agreed upon.

2. Where such effort to effect a compromise or an accord and satisfaction failed, and where prior thereto the contract had been breached by the purchaser and the required notice had been given to the purchaser by the seller of the seller's intention to sell, as the agent of the purchaser, the entire commodity which was the subject-matter of sale in

the original contract, and charge the purchaser with the difference between the contract price and the price on resale, which notice had been given prior to such offer of compromise, the seller could nevertheless proceed with such sale and afterwards maintain a suit 'on the original contract against the purchaser for the difference between the contract price and the price on resale.

3. In a suit by the seller against the purchaser for a breach of the original contract of sale, the evidence, under the above rulings, authorized the inference that the original contract called for the maximum amount of the commodity, as contended for by the plaintiff, and otherwise authorized the verdict rendered.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*

DECIDED JUNE 17, 1921.

Action for breach of contract; from Fulton superior court — Judge George L. Bell. June 15, 1920.

C. H. Mann sued J. H. Bennett for breach of a contract of sale, the petition alleging, after certain parts thereof had been stricken upon demurrer, that the defendant refused to accept and pay for 2,000 hides, and that the hides were resold for the defendant's account at a certain loss, for which judgment was prayed. The contract relied upon consisted of an exchange of communications as follows: "Jacksonville, Fla. November 28th, 1917. Southern Hide & Skin Co., Jacksonville, Fla. Gentlemen: We beg to confirm the purchase from you this date of from fifteen hundred to two thousand green salted hides, 30# and up, at the price of 20-1/2c. per pound, f. o. b. Jacksonville. Hides to be free of damage. Very truly yours, [Signed] Atlanta Hide & Tallow Company by E. O. Miles." . . . "Jacksonville, Fla., U. S. A. November 28th, 1917. Atlanta Hide & Tallow Company, Atlanta, Ga., Gentlemen: We beg to confirm your purchase of fifteen hundred to two thousand green salted hides, 30# and up, free of damage, 20-1/2c. per pound, f. o. b. Jacksonville. We guarantee hides not to shrink over 3% in transit. Very truly yours, [Signed] Southern Hide & Skin Company, C. H. Mann, President." The defendant refused to accept the hides, and on February 20, 1918, a written notice was served by the plaintiff upon the defendant of the former's intention to sell the hides, as provided by statute. After the service of such notice, certain negotiations were entered into between the plaintiff and the defendant, as a result of which the plaintiff offered, in satisfaction of the contract, to deliver to the defendant only 1500 hides, provided the defendant would accept and pay for them.

The defendant agreed to accept the 1500 hides in satisfaction of the contract, but failed to make payment. Thereupon the plaintiff, in accordance with the notice previously served upon the defendant, sold the maximum number of hides called for under the original contract, and then sued the defendant and prayed judgment for the difference between the contract price and the price realized on resale. The court, trying the case without a jury, rendered a judgment for the plaintiff for the full amount sued for, and the defendant excepted.

*James L. Anderson, John T. Pearson, Henry B. Troutman,* for plaintiff in error.

*Anderson, Rountree & Crenshaw,* contra.